UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JARED DUNN,

    Plaintiff,

v.                                  Case No. 3:14cv590/MCR/CJK

SHERIFF, ESCAMBIA COUNTY
SHERIFF DEPARTMENT, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1); a motion for appointment of counsel (doc. 9); a motion "for written depositions and reque[s]ting subpoenas and to subpoena physical evidence", specifically, "video footage and phone recordings" from Cox Cable and Bell South (doc. 11); and a motion "for declaration for entry of default/written deposition" seeking to depose "Pastors and Warders from the Camps I've Filed On" (doc. 12). Upon review of plaintiff's complaint and other filings in this case, the court concludes this case should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Madison

Correctional Institution in Madison, Florida. Plaintiff's complaint names three defendants: the Sheriff of Escambia County, Florida (David Morgan); Toby Grice, a deputy with the Escambia County Sheriff's Office (ECSO); and Trina Godwin, a dispatcher with the ECSO. (Doc. 1, pp. 1-2). Plaintiff seeks to hold the defendants liable under § 1983 for subjecting him to cruel and unusual punishment in violation of the Eighth Amendment, based on the following allegations (quoted in their entirety and without alteration):

> I am under federal investigation. See civil rights complaint Case #3:14cv00529-LC-EMT. I was married to Dusti Godwin in around about 1998-1999. Our relationship became physical. Every since our divorice I've been in prison and repeatedly incarcerated with fabricated police reports and had officers abuse me repeatedly.
>
> I've been under federal investigation for years and since our divorce my problems have been magnified. The facts of this investigation were exposed and confirmed every since our divorice.
>
> This information was exposed by these two sources and are key elements to my inprisonment. Since this; confirmed information has been exposed by the sheriff dept. I have been repeatedly been a victom of crule and unusual punishment.
>
> In Justin Harris vs. Jared Dunn the officer statement sent me to prison. The officer stated at Escccmba County Sheriff Office (six) officers stated "they saw me run down the road with a loaded shotgun" and I was allegedly stateing I was gong to kill Justin Harris and x-wife's aunt. And (six) officers did nothing more than issue a warrant no arrest, no hospitalization.
>
> After I was released from prison, "three or four" years later an officer made me sit by a small child for 1-2 hours unclothed and slammed me to the floor because I was upset by the officer's actions and talked about the officer's mother out of anger. After I came to "from

> this," I was in the back of the hospital. The officer and I got into another argument because I was seated next to the same child unclothed still in the back of the hospital (Scared Heart) Pensacola, FL. I belive on tape around 2010-2013 (Scared Heart/CSU)? Can order hospitalization records, maybe even the tape in hospital.

(Doc. 1, pp. 5-6). As relief, plaintiff seeks "legal action/termination." (Doc. 1, p. 7).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). A complaint is subject to dismissal under § 1915(e)(2)(B)(ii) if it would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quotation marks omitted). In applying this standard, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts applying the Rule 12(b)(6) standard must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (quoting *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950)); *see also Randall v.*

*Scott*, 610 F.3d 710, 709-10 (11th Cir. 2010) (holding that a district court determining whether to dismiss a complaint for failure to state a claim "shall begin by identifying conclusory allegations that are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations."); *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)[1] (stating that "unwarranted deductions of fact are not admitted as true"). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *see also Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, that is, "across the line from

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

conceivable to plausible." *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974.

Taking all well-pleaded allegations of plaintiff's complaint as true and construing them in the light most favorable to plaintiff, the complaint fails to state a plausible § 1983 claim against any of the named defendants. A viable claim under § 1983 requires plaintiff to establish two elements:

1. the conduct complained of was committed by a person acting under color of state law; and

2. this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

The gist of plaintiff's complaint is that Sheriff Morgan, Deputy Grice and Dispatcher Godwin subjected plaintiff to cruel and unusual punishment in violation of the Eighth Amendment because ever since plaintiff's divorce over twelve years ago,[2] he has "been in prison and repeatedly incarcerated with fabricated police reports and had officers abuse me repeatedly." (Doc. 1, p. 5). The only instance of "unconstitutional" imprisonment plaintiff describes is a conviction and prison sentence arising from six unnamed, unidentified officers' statements that plaintiff ran down the street with a loaded shotgun threatening to kill two people associated with

---

[2]The Escambia County Circuit Court's website indicates that a marriage dissolution proceeding was filed by plaintiff's former wife on October 3, 2001, and that a final judgment was rendered May 7, 2002. *See* www.escambiaclerk.com, *Dunn v. Dunn*, Case Number 2001 DR 003132.

his former wife. (*Id.*, pp. 5-6). The only instance of "abuse" plaintiff describes is an unnamed, unidentified officer "slamming" plaintiff to the floor of Sacred Heart Hospital after plaintiff got angry and argued with the officer over where he was ordered to sit. (*Id.*, p. 6). Plaintiff's complaint does not mention Sheriff Morgan, Deputy Grice, or Dispatcher Godwin at all outside of the caption, much less describe how Morgan, Grice or Godwin was involved in the alleged violation of plaintiff's constitutional rights. Plaintiff is clearly familiar enough with the named defendants to know whether it was him or her who "fabricated" the facts underlying plaintiff's conviction, or "slammed" plaintiff to the floor of Sacred Heart Hospital.[3] Plaintiff's failure to associate any named defendant with the alleged constitutional violations requires dismissal of this case. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (affirming dismissal of prisoner-plaintiff's Eighth Amendment claims against two prison officials because prisoner's complaint alleged no facts describing how either was deliberately indifferent to plaintiff's health or safety (*citing Farrow v. West*, 320 F.3d 1235, 1245-46 (11th Cir. 2003)); *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (affirming dismissal of plaintiff's claims against three defendants, where the complaint contained no allegations associating two of the defendants with any of the conduct alleged, and the complaint did not mention the third defendant at all outside of the caption).

Even if plaintiff associated one or more of the named defendants with having fabricated evidence or charges leading to plaintiff's conviction and incarceration for

---

[3]Plaintiff's familiarity with law enforcement in Escambia County is beyond dispute. The Florida Department of Corrections shows that Mr. Dunn has been convicted of no fewer than eighteen criminal offenses arising in Escambia County. *See* http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=27224799

a particular crime, plaintiff's claims would still be subject to dismissal. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L .Ed. 2d 383 (1994), the Supreme Court held that before a plaintiff may proceed with a § 1983 action "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction or sentence has been invalidated. 512 U.S. at 486-87, 114 S. Ct. at 2372-73. "[E]ven when the plaintiff does not seek such damages, his suit may be barred if, for example, he must negate an element of the offense of which he has been convicted in order to prevail. . . ." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (internal quotation marks omitted). If the plaintiff fails to demonstrate that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the section 1983 suit must be dismissed. *Humphrey*, 512 U.S. at 486-87.

Viewing the allegations in plaintiff's complaint as true, a judgment in his favor (whether an award for damages or injunctive relief) would necessarily imply the convictions with which he takes issue are invalid. Plaintiff does not allege, nor do the facts suggest, that any of the convictions or sentences plaintiff seeks to challenge have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Plaintiff thus fails to allege sufficient factual matter which, accepted as true, states a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678.

As plaintiff's allegations do not give rise to a plausible claim for relief against any of the named defendants, this case should be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2.  That plaintiffs pending motions (docs. 9, 11, 12) be DENIED as moot.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 10th day of February, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).